IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **HELEN STELLWAG** | |
| **Plaintiff,** | CASE NO:  21-CV-00____ |
| v. | **COMPLAINT** |
| **WOODWARD'S WHITE MOUNTAIN RESORT, LLC, and BENTLEY WHITE MOUNTAIN REAL ESTATE, LLC** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PARTIES AND JURISDICTION

1. Plaintiff Helen Stellwag is a resident of the Township of Cinnaminson, County of Burlington, State of New Jersey, with a mailing address of:  1328 Camelot Court, Cinnaminson, NJ  08077.

2. Defendant Woodward's White Mountain Resort, LLC ("Defendant Woodward's") is a New Hampshire limited liability company (mailing:  168 South Road, East Kingston, NH 03287); and a registered agent of:  Lori H. Guertin, 168 South Road, East Kingston, NH 03827.

3. At all times relevant hereto, Defendant Woodward's operated a commercial lodging facility in Lincoln, New Hampshire.

4. Defendant Bentley White Mountain Real Estate, LLC ("Defendant Bentley") is a New Hampshire limited liability company (mailing:  168 South Road, East Kingston, NH 03287); and a registered agent of:  John A. Guertin, 168 South Road, East Kingston, NH 03827.

1

5. At all times relevant hereto, Defendant Bentley owned the real estate in Lincoln, New Hampshire, upon which Defendant Woodward's operated the commercial lodging facility.

6. Plaintiff alleges an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

7. This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between Plaintiff and Defendants.

## FACTS

8. On July 16, 2018, Defendant Bentley owned commercial real estate located at 527 U.S. Route 3, Lincoln, New Hampshire ("the Property").

9. The Property includes a commercial lodging facility, operated by Defendant Woodward's, which is open to the general public.

10. On July 16, 2018, Plaintiff was a paid customer of Defendant Woodward's.

11. During her first visit to the Property, Plaintiff attempted to exit her guest room via a sliding door, into and onto a common area of the Property.

12. When exiting the room and onto the common area, Plaintiff encountered a high drop off from the elevation of her guest room, onto the common area below.

13. This drop off, and the change of elevation, was more than Plaintiff reasonably expected to encounter when exiting her guest room.

14. The drop off, the change of elevation, and the absence of proper and reasonable illumination outside of Plaintiff's guest room and in the common area of the Property, created an unreasonable danger to guests such as the Plaintiff.

15. When Plaintiff stepped off the elevation of her guest room and onto the common area, while in the exercise of due care, the above factors caused Plaintiff to lose her balance, fall violently, and break multiple bones in her right foot and ankle, along with one bone in her left ankle, which in turn caused Plaintiff excruciating pain and injury.

16. As a result of Plaintiff's fall, Plaintiff suffered significant and severe injuries, including but not limited to the fractures in both of her feet and/or ankles, as described above, and other injuries as more fully set forth below.

**COUNT I – NEGLIGENCE
against DEFENDANT WOODWARD'S WHITE MOUNTAIN RESORT, LLC**

17. In a plea of the case, the previous paragraphs are re-alleged herein.

18. As the occupier and commercial tenant of the Property, Defendant Woodward's had a duty to properly maintain the premises (including the guest rooms, common areas, and exits/entrances between these adjacent areas) in a reasonably safe manner, to safeguard against allowing a dangerous and unreasonable change of elevation from one travel surface to another, to warn guests of any such hazards as part of normal ingress and egress from guest rooms, to properly light the common area and/or the areas adjacent to guest rooms, and to otherwise operate and maintain the Property in conformity with the common law of the State of New Hampshire, so as not to endanger the lives and safety of those who used the Property as part of normal and expected activities on the Property, such as the Plaintiff.

19. Yet, nevertheless, Defendant Woodward's breached these duties to Plaintiff, in that it failed to properly maintain the premises (including the guest rooms, common areas, and exits/entrances between these adjacent areas) in a reasonably safe manner, failed to safeguard against allowing a dangerous and unreasonable change of elevation from one

      travel surface to another, failed to warn guests of any such hazards as part of normal ingress and egress from guest rooms, failed to properly light the common area and/or the areas adjacent to the guest rooms, and failed to otherwise operate and maintain the Property in conformity with due care and the common law of the State of New Hampshire.

20. As a direct and proximate result of the actions of Defendant Woodward's, as described above, Plaintiff sustained severe, painful, and permanent injuries including, without limitation:  seven fractures in her right foot and/or ankle; a fracture in her left ankle; soreness and post-traumatic pain in both her right and left legs, ankles, and feet; bumps, bruises, and abrasions; and other injuries, requiring Plaintiff to incur hospital and other medical expenses (past, present, and future), including surgery, lost wages/income (past, present, and future), physical and mental pain and suffering (past, present, and future), temporary and permanent impairment, loss of enjoyment of life / hedonic damages (past, present, and future), mileage / travel expense, and other injuries and losses.

21. Said losses are all to the damage of Plaintiff, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

22. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Woodward's.

**COUNT II – NEGLIGENCE**
**against DEFENDANT BENTLEY WHITE MOUNTAIN REAL ESTATE, LLC**

23. In a plea of the case, the previous paragraphs are re-alleged herein.

24. As the owner of the Property (a commercial use building), Defendant Bentley had a non-delegable duty to properly maintain the premises (including the points of ingress and

4

egress, common areas, and exits/entrances between these adjacent areas) in a reasonably safe manner, to safeguard against allowing a dangerous and unreasonable change of elevation from one travel surface to another, to warn those using its property of any such hazards as part of normal ingress and egress, to properly light the common area and/or the areas adjacent to points of normal ingress and egress, and to otherwise operate and maintain the Property in conformity with the common law of the State of New Hampshire, so as not to endanger the lives and safety of those who used the Property as part of normal and expected activities on the Property, such as the Plaintiff.

25. Yet, nevertheless, Defendant Bentley breached these duties to Plaintiff, in that it failed to properly maintain the premises (including the points of ingress and egress, common areas, and exits/entrances between these adjacent areas) in a reasonably safe manner, failed to safeguard against allowing a dangerous and unreasonable change of elevation from one travel surface to another, failed to warn those using its property of any such hazards as part of normal ingress and egress, failed to properly light the common area and/or the areas adjacent to points of normal ingress and egress, and failed to otherwise operate and maintain the Property in conformity with due care and the common law of the State of New Hampshire.

26. As a direct and proximate result of the actions of Defendant Bentley, as described above, Plaintiff sustained severe, painful, and permanent injuries, as described above.

27. Said losses are all to the damage of Plaintiff, as she says, in serious and substantial amounts within the jurisdictional limits of this Court.

28. Wherefore, Plaintiff has been damaged and demands a trial by jury and an award of damages from Defendant Bentley.

**WHEREFORE, PLAINTIFF REQUESTS THAT THIS HONORABLE COURT:**

A. Grant her a trial by jury and an award of damages from Defendants;

B. Grant her prejudgment interest and all taxable costs; and,

C. Grant her such other and further relief as may be just and equitable.

Dated: June 16, 2021

Helen Stellwag
By her attorneys
*Waystack Frizzell, Trial Lawyers*
/s/ Jonathan Frizzell
Jonathan S. Frizzell, Esquire
N.H. Bar No. 12090
133 Main Street, P.O. Box 507
Lancaster, NH  03584
(603) 788-4244
jon@waystackfrizzell.com